Our next case for today is 2015-1837 IBM v. Intellectual Ventures. This is a 2015-1837 IBM v. Intellectual Ventures. The PTAB made three reversible errors in this case when it denied IBM's IPR petition and found the claims of the 666 patent to be not unpatentable. First, it allowed IV to make a new claim construction argument at the oral hearing regarding the both of the controlling provisions of the Administrative Procedures Act and the PTAB's own rules. You know, my problem with this argument is that, as I understood that, that IV was being pushed by PTAB because the PTAB thought the construction was more narrow than IV was providing, or in other words, or broader, I'm sorry, that it was closer to yours, your initial claim. In other words, you said from day one that it had to be directly fed back. And the PTAB was saying that the notion that it could be indirectly fed back was different. So I didn't see them making a new construction. I saw them conceding somewhat on their original construction. That's absolutely not, and here's why. By the time we got to the oral hearing, there was no live issue about construction of feedback remaining. There was nothing there. And if you look at the reasons that they gave at A-9 for the construction that they reached, they didn't say anything at all about going back and looking at the feedback construction. I don't understand when you say there's no live issue. Isn't the PTAB entitled, I mean, are you suggesting that the PTAB is bound by whatever construction it articulates at the petition stage and isn't free to reconsider the construction or the Not without participation and full notice on the part of the parties as to what the various constructions are that are being considered. That's the main point here. You don't satisfy with respect the APA, which controls here, if you're doing all of this in the dark. We had absolutely no idea. Part of my problem is you cite specific parts of the record and say that there was essentially a stipulated construction. And when you go look at those portions of the record, that's not what it says. It actually shows that there was clearly a debate, that you were still pushing this direct feedback. Your Honor, with respect, by the time we got done with our patent owner's reply, all right, there was nothing in that patent owner's reply in the section that was marked claim construction that had anything to do with feedback. In the patent, I'm sorry, in the petitioner's reply, excuse me, in the patent owner's response, they had repeated what was said in the institution decision, effectively verbatim, and that was in the patent owner's response. We then got the last word with respect to any claim construction issue. In our reply, we said nothing in response to that feedback position that they had taken in the patent owner's response. As cases usually get tried, when someone makes an averment and you don't answer it, you are not contesting the issue. Now, we never said there was a stipulation. What we said was we were not contesting the issue, and the Board understood. And you can see this in A9 of the record. During the hearing, you continued to argue that the feedback had to be direct. I'm sorry? During the hearing, you continued to argue your original position. We did not, Your Honor. Well, even if the construction became more precise during the IPR after the petition, I don't see how it's either inconsistent with transmitted back. Transmitted back is what you allege everybody agreed the construction was and the principle everyone was operating under. I don't understand how the Board's construction, its nuance of what it means to transmit back, is at odds with the transmitted back language that everyone agreed on. I guess I don't see them arguing for a construction that differs. I don't see you lacking any notice. I don't see the substance of your argument. It's because when the Board came up with this new construction that we had no notice of, what they did was they construed for the first time the wear-in clause. No one had ever asked for the wear-in clause to be construed before. No one, neither IV nor IBM, nor had the Board raised the construction. What they did was they went from where in the outputs of the multiplication unit, the arithmetic controller, that appears at A58 of the record, they went to the final construction which read where in the output values of the multiplication unit, the addition unit, and the sign inversion unit are feedback or fed back to the arithmetic controller. Everything past this point now is new, although those values may pass unchanged. I must be confused because I thought, and I probably am confused, but I thought that your argument from the very outset about direct feedback went to the wear-in clause. Did it all go to a different element? Am I focusing on the wrong element? It went to the term feedback, which is part of the wear-in clause, but no one ever argued the wear-in clause as a whole. That's what made the difference here. You're saying that the PTAB is not allowed to interpret the very words that you guys are fighting over in context? Not without someone giving all of the parties notice that this was going to be an issue at the final hearing. I don't understand. And your Honor, just want to answer your question. What causes the problem here is the word unchanged, and if I could just finish where the quote was. When the Board added the although phrase to the end of the wear-in clause, they said although those values may pass unchanged through intermediate components, e.g. latches and multiplexes. Why isn't that exactly the same thing as transmitted back? Because transmitted back doesn't say anything other than the information is going from point A to point B. It doesn't say anything about the status of the information. But if the information is changed, then the information is not being transmitted back. If you change information, whether it's you remove a field and data that you're sending back, you add a field, you change the value. If you make a change to the data and then send it back, that data is not being transmitted back. So I don't understand why the Board's tweak isn't exactly the same in different words as what they had held from the outset in the petition stage, what both parties, I mean not what you had argued for because you argued for a direct connection, but what both parties ultimately acquiesced in. I just don't see the substance of any difference between what the parties acquiesced in by that stage in the proceeding and what the Board held. I follow. I see no difference. All right. So transmitted back. What gets added in the new construction is the term unchanged based on nothing but Boyer argument. There is no record evidence here as to what unchanged in the context of the Waring Clause, in the context of Claims 1 and 4 means to a person of ordinary skill in the art. Why? Because we didn't get a chance to build that record. There's no record evidence as to what unchanged means. And as a layperson, Your Honor, maybe it means something to us. But you and I are not the standard by which that's measured. The standard by which it's measured is meaning to one of ordinary skill in the art and the record is silent on that because we didn't get a chance to make the record. Why wasn't the whole discussion of Dworkin in their submissions enough to alert you to the notion that this is what they were talking about? Your Honor, the driving force or driving concern here is I understand how the APA applies to a PTAB procedure and the trial guide, which is explicit and even more so CBS vs. Health Red and their example of Red and the various issues. It's all about notice. We're not supposed to have to try to guess at what IV's view is as to some subliminal silent stealth explanation in the middle of Dworkin. That's not the way, as I understand it, that's not the way this is supposed to work. This is about notice and about fairness. And to try to read their mind about Dworkin as to they were going to argue unchanged? I'm sorry, yes, it's our position that the APA and the trial practice guide requires more candor and openness and forthrightness under those circumstances. As a practical matter, going back to what Judge Moore was asking before, how is unchanged different than directly? Because direct just says, as I understand it, I move from here to there. But if that unit made a calculation and sent it directly, wouldn't it be unchanged from that calculation? Well, as a layperson, you might say yes, but as a person of ordinary skill in the art, looking at the context of the claim as to what unchanged means, the more important thing is there's no support for unchanged in the specification. There's no record evidence. The board, if you look at where they did this... I'm asking about the way they did it under what you think is a new construction. How would it have been changed under your construction if you had gotten the direct construction? Wouldn't that have required it to go directly from one of those units to the controller unchanged? By the point where we were at the final hearing, we had dropped... I'm not asking about that. I'm asking about your proposed construction. Wouldn't it have required it to go unchanged? No. Well, how would it be changed if it went directly from a unit to the controller? If you have a TiVo box in your house, they tell you don't put the box more than 10 feet. Don't put it on more than 10 feet of coax from point A to point B because you'll get a noisy signal. What's that mean? That 10 foot distance has led to a change in the signal. We don't know what... They're not talking about interference or the like. They're talking about the data gets transformed when it moves along from one of these things to the next. Yes. A term that's not supported in the spec. I'm not trying to fence with you here. I think this is important to lay the context. This is a term that doesn't appear in the specification. All of this argument is based on figure two. Figure two is an embodiment. There is no showing at all that figure two should be read into the claim, which is the only way you can make an argument as to what unchanged might be. They effectively read figure two into this construction. I just don't even understand how you're standing here making this argument. You asked for direct. That was what you asked for. Direct necessarily means unchanged in the context of this invention where you're talking about outputs from an addition unit, a multiplication unit, a sign inversion unit. These are simple mathematical... Do not interrupt me again. You've talked over me and interrupted me multiple times. You've done the same to Judge O'Malley. I apologize. I'm sorry, Your Honor. Actually, go ahead. Obviously, what I have to say is not as important as what you have to say, but please proceed. No, not at all. I apologize. It's okay. I'm good. Go ahead.  You want to save the rest of your time for rebuttal? You're down to two minutes. Yes, Your Honor. Thank you. Thank you. Very good. Good morning, Your Honors. I'm Peter McAndrews here on behalf of the Pelley Patent Owner. I'd just like to address briefly the issue of notice. So as an initial matter, to the extent that there's any argument over changing positions during the proceeding, as the board found, it was exclusively on IBM for continuously changing their position about how the secondary reference Dworkin operated. There was no reason for the board to provide the construction that they ultimately did until they did, because IBM's position had always been that there was direct feedback, that the values were unchanged, in fact, because they were direct. In fairness, these proceedings, just like any trial, parties can change their position as they go along, correct? That's correct. But by the time we reached the final portion of the proceeding, which was the oral hearing, they should have made this argument. And even at the oral hearing, they stuck with their original argument, well, they stuck with an argument that the feedback went back unchanged. They originally said that it went back through data buses, direct, going nowhere else. They then changed their position in their reply to say that it went back through a series of shift registers. Ultimately, now on appeal, they agree with the position originally taken by the patent owner in its response that only the output of a single ALU goes back to the controller. The other ones pass as inputs and then are changed by intervening sub-ALUs. So they knew that that was our position at the response stage. They could have responded to that. As far as notice goes, they had every opportunity to respond and say, fine, we concede now. Your characterization of the Dworkin reference is correct. But even given that characterization, we think the claim means X. They didn't do that. They stuck with the losing horse. They stuck with their losing interpretation of the Dworkin reference all the way through the oral hearing. And in fact, at the oral hearing, they were arguing that the values themselves, the values that came out of those sub-ALUs were sent back. It was implicit in that that they were unchanged. So the construction that the board ultimately arrived at was perfectly consistent with the arguments of all the parties throughout the entire proceeding. So there's nothing they can complain about with the procedure. Do you disagree that at the hearing in response to the PTAP's questions that you did alter your construction somewhat? I don't believe our construction was altered. What we were addressing, so first of all, at the petition stage and the institution stage, the issue was feedback and isolation. What we were talking about now was the entire wear-in clause that included the term output being fed back to the controller. And the discussion was simply a clarification of the plain meaning of the claim as we had applied it, as it had been applied in our response to the Dworkin reference. It was very clear that we believed that the plain language of the claim did not read on a device that sent back the output of only a single sub-ALU where the other ALUs sent outputs that were then changed by intervening ALUs. What's your response to the argument that your friend on the other side made that the wear-in clause was not in play and that the PTAP didn't have the authority to interpret the entirety of the wear-in clause and was limited to just the phrase feedback? The wear-in clause was absolutely in play. In fact, if you look at the number of pages spent on the wear-in clause by all the parties, it's the single most important issue that the parties argued in the case as far as how the claims are applied to the prior references. There's the additional ground on which this court can affirm, however, which is motivation to combine. As the board found, supported by substantial evidence, IBM has not presented a sufficient motivation to combine. And in fact... Well, before you go on to the additional ground on motivation, I understand your opponent's argument about the wear-in clause to be that the... Is it right that the word that was really in dispute before was feedback? And his argument is the rest of the wear-in clause and the further limitations they bring were not what was disputed? Is that the argument? I don't think it's accurate. I think that might be his argument, but it's not accurate. Just because they selected the word feedback as a term to be construed when they wrote their petition does not mean that the rest of the claim is thrown out and not considered when applying the art. And that's what happened. The board considered the entirety of the claim language, including the entirety of the wear-in clause, which is what they in large part based their decision on, and found that the wear-in reference, even under their second interpretation of Dworkin. Is feedback a verb or a noun? Feedback in this instance... In this use. It's a noun, right? As it appears in the claim, I agree that it's a noun, correct, but it's describing... And so, it's a noun, and it's describing, I didn't mean to interrupt you, go ahead. Isn't it describing the output of the multiplication unit, addition unit, and sign unit as the claim requires? Isn't that what it's describing? It is the feedback. Yes, that's correct. So, the outputs are feedback, i.e. noun, not are fed back, as in verb, but noun. Correct. They are feedback to the arithmetic controller. Yes. So, I guess I'm wondering how the board could be doing something improper when construing the term feedback, as IBM requested, when it looks at the rest of the sentence, which is definitional of what that noun encounters. I don't think that was improper at all. I think they were construing the full term in context, given its plain meaning. Did anybody ask for a construction of outputs? Actually, initially, IBM proposed a construction of outputs, and in fact, at that point, perfectly consistent with the construction the board ultimately reached, the board decided, well, the argument by IBM, and it was left undecided by the board at the institution stage, they didn't think it was necessary at that time, but IBM did in fact argue that outputs meant the results of the arithmetic logic units, and so that would imply that those are the outputs. That's the output that has to make it back to the controller. That was in conjunction with this, the same time they were proposing that feedback meant directly transmitted? That's correct. So, just briefly on the motivation to combine, what I'd like to say about that is the board explicitly found the motivation to combine all argument and evidence that was presented by IBM was directed to their first theory of how Dworkin operated, and when they moved to their second theory, they didn't change their arguments or evidence to support a motivation to combine, and now, now that they've conceded on appeal that patent owner's interpretation of Dworkin was correct all along, they're left utterly without any support for motivation to combine. So, if there's any further questions, otherwise... No, thank you, Mr. McAndrews. Thank you, Your Honor. Mr. Adamo, you have some rebuttal time. Thank you, Your Honor. I'll be brief, and again, I apologize for earlier. Yeah, me too. Go ahead. Thank you. Three points I think deserve response. Sent back is not implicitly a statement that what was being sent back was unchanged. With respect to the last ALU, the Dworkin reference, the last one, the one furthest to the left, is in fact sent back totally, totally unchanged, but sent back does not have an omission from the one computational unit to the next, to the next, as is described in Dworkin. And there is agreement that for the purposes of this appeal, that the description of Dworkin is in fact as the board stated in the final decision. And then, so even if you were to win on this claim construction debate, you've got the problem that the board made a factual finding of motivation to combine, and we review that with some deference, right? We would say for the fact that the, as we briefed, the motivation to combine substantial evidence does not hold if the wrong law or the wrong interpretation was used on the motivation to combine. As we've explained in our briefing, we believe they did not do it properly in large measure because the change in the claim, as we've contended, argued, to include the unchanged ended up being taken into the decision on motivation to combine. That shows up at A15 to 16, A20 to 21 in the final opinion, and that, so the one error if it's not done properly and the law's not properly applied, then you don't have substantial evidence issues. Going back to the feedback, I'm sorry, the motion to combine point, that's essentially  One last point. Again, the added new construction, that phrase, that although phrase, the only evidence supporting it is a lawyer argument and a reference to something that Dr. Coach said that is not responsive to the unchanged issue. What has effectively happened as a result of the change in claim construction is that the figure two embodiment has been read into the construction, contrary to controlling law of certainly this court, that a single embodiment alone, unless the spec is clear that that's the only thing that the claims rely upon, is not to be read into the claim. What's happened here is all we've got is figure two. Why isn't it the plain meaning of the claim? I just don't get it. The plain meaning of the claim says the outputs of the multiplication unit, addition unit and sign inversion unit. These are not complicated things. A multiplication unit does write exactly what it says. It's a tiny little logic element or circuit for performing multiplication. So the output of the multiplication unit, addition unit and the sign inversion unit are feedback, the noun. Those are a thing given to the arithmetic controller. If you take the output of the multiplication unit and put it through a bunch of additional mathematical processes so that it's not the same number anymore, then when you give it back to the arithmetic controller, I don't see how it is in fact the output of the multiplication  I don't see how it is the feedback. We don't know how one ordinary skill in the art in this context would have understood feedback in the context of Dworkin in particular. I don't disagree with your honor that the way meaning here, you might say it has to be the same number. But if the output is transmitted back through a series of mathematics, and we certainly know from the last AOU in Dworkin, that's coming back unchanged to the controller. It's what's going on in the first three that are an issue here as to whether they are or are not within the scope of transmitted back. Transmitted back is this broad. Transmitted back unchanged is a species of transmitted back. Our point here is because of the way the board got this all in play, we did not have fair notice and the opportunity in our reply to respond. We could have cross-examined their expert witness on this point. We could have gotten additional information from Dr. Koch. We also could have looked for additional intrinsic and extrinsic information. Do you stand by your argument that you actually made an objection at the hearing to this particular issue? I did. I saw what your objection was and it didn't say anything about this. Well, it said many things that they had raised about Dworkin in the argument were inappropriate. But did not in any way refer to the issue of claim construction? Not specifically. That's correct, Your Honor. Okay. Thank you. Okay. Thank both counsel for their argument. The case is taken under submission. That concludes our proceedings for today.